IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RONALD GERALD #292-226
      Petitioner                    :

      v.                         :   CIVIL ACTION NO. CCB-13-1806

STATE OF MARYLAND, et al.,      :
      Respondent

## MEMORANDUM

Ronald Gerald, a Maryland Division of Correction ("DOC") prisoner confined at Jessup Correctional Institution, again challenges the length of his sentence, claiming that prison officials have miscalculated his mandatory release date.  Gerald claims that after successfully petitioning the appropriate state courts for sentence modification, his commitment records still reflect his underlying sentence.  Respondent moves to dismiss the petition as unexhausted, ECF No. 9, and Gerald has replied.  ECF Nos. 10 and 11.

## Background

Gerald previously petitioned this court on this issue in *Gerald v. Maryland,* Civil Action No. CCB-11-3047 (D. Md.) ("*Gerald I*"), claiming that he had successfully petitioned the appropriate state courts for sentence modification, yet prison staff failed to amend his commitment records to reflect the changes.  The case proceeded because it raised a question of due process.  As noted in the dispositive memorandum of July 27, 2012, Gerald is no stranger to the Maryland criminal courts.[1]  In Case No. 199224055, he received an aggregate sentence of 60 years, imposed on March 10, 2000, following conviction in the Circuit Court for Baltimore City for robbery with a dangerous weapon and related offenses. In Case No. 595166017, a Baltimore City Circuit Court judge revoked probation for an earlier attempted murder conviction and

---

[1] Examination of Maryland Judiciary Case Search reveals four Circuit Court entries naming Gerald as criminal defendant. *See* http://casesearch.courts.state.md.us/inquiry/inquirySearch.jis.

sentenced Gerald to 11 years of incarceration to be served consecutive to the sentence imposed in Case No. 199224055.

Maryland's electronic case search record shows that on October 1, 2001 and again on June 2, 2005, the sentence in Case No. 199224055 was modified.[2]   As noted in respondents' January 10, 2012, response in *Gerald I*, "although the most recent commitment record received by the DOC from the circuit court indicates that a 25-year sentence was imposed in count 9 of case no. 199224055," the online docket entries for the case did not "reflect a sentence for that count." ECF No. 6, at 5 n.1 (citing ECF No. 6, Ex. 1). Instead, the docket entries appeared "to indicate that the sentence in that count was 'vacated.'" *Id.* (citing ECF No. 6, Ex. 5). Given this apparent discrepancy, DOC personnel contacted the circuit court by letter dated February 1, 2012, noting that as a result of the October 1, 2001 modification, the total time to be served in Case No. 199224055 appeared to be 25 years, but that the commitment record listed the total time to be served as 50 years.  *Gerald I,*  ECF No. 11, Ex. 1.

On March 5, 2012, the Circuit Court issued an amended commitment record in the case, reflecting a 20-year sentence in count 6 for use of a handgun and a consecutive five-year sentence in count 12 for felony possession of a handgun, for a term of confinement totaling 25 years, commencing July 18, 1999. *Id.* at Ex. 2. As noted in the supplemental response, on August 28, 2000, the Circuit Court for Baltimore City also committed Gerald to the custody of the Commissioner of Correction to serve 11 years in Case No. 595166017, after finding him in violation of probation, and ordered the sentence to run consecutively to the sentence imposed in Case No. 199224055. when added together, these sentences result in a term of confinement with a maximum expiration date of July 18, 2035 (July 18, 1999, plus 25 years, plus 11 years, equals

---

[2] *See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=199224055&loc=69&detailLoc=DSK8.

July 18, 2035).[3]   The DOC adjusted its records to reflect that change, and the amended commitment record reflected a total time of 25 years to be served in Case No. 199224055, whereupon the undersigned dismissed the petition as moot and declined to issue a certificate of appealability.[4]

In the instant petition ("*Gerald II")*, Gerald alleges that DOC officials have failed to correct the commitment records with regard to the modified sentence imposed in Baltimore City Circuit Court case no. 199224055.   He contends that although the maximum expiration date of his term of confinement is recorded by the DOC as July 18, 2060, the correct maximum expiration date of the term is July 18, 2035.   Gerald claims a writ of error coram nobis was granted in the Circuit Court on April 13, 2010, but the recalculation has yet to be recognized by the DOC.

Respondent indicates that on June 19, 2013, the Circuit Court for Baltimore City issued an amended commitment in case no. 199224055.   ECF No. 9-4.   This amended commitment record reflected (1) a 25-year sentence for robbery with a deadly weapon in count 9; (2) a 20-year sentence in count 6 for use of a handgun, to run consecutively to the sentence in count 9; and (3) a five-year sentence in count 12 for possession of a handgun, to run consecutively to the sentence in count 6, for a total time to be served of 50 years, commencing October 1, 2001. The commitment record "supersede[d] [the] commitment issued on 3/5/12." *Id.*   The docket entries for the case also reflect a total time to be served of 50 years. ECF 9-5 (docket entries).

---

[3] *See* Md. Code Ann. Corr. Servs. ("CS") § 3-701(2)(iii) (defining "term of confinement" as "the period from the first day of the sentence that begins first through the last day of the sentence that ends last" for "consecutive sentences").

[4] Although respondents in *Gerald I* provided a breakdown of diminution credits, the calculation of such credits, which solely implicate state law and regulations, was not examined, leaving Gerald free to petition the appropriate state agencies and courts should he wish to contest the application of diminution credits.

Together, the sentences in case nos. 199224055 and 595166017 result in a term of confinement with a maximum expiration date of July 18, 2060 (July 18, 1999, plus 50 years, plus 11 years, equals July 18, 2060).[5]  ECF 9-6 (Offender Based State Correctional Information System ("OBSCIS") "Maintain Diminution of Confinement" record dated September 27, 2013 listing "max[imum] expir[ation] date" of July 18, 2060).

## Analysis

Sentence and diminution credit calculation disputes generally are issues of state law and do not give rise to a federal question.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 1994 WL 320212 (4th Cir. July 6, 1994) (per curiam) (unpublished).  Violation of a state law which does not infringe upon a specific constitutional right is cognizable in federal habeas corpus proceedings only if it amounts to a "fundamental defect which inherently results in a complete miscarriage of justice."  *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).  A dispute over diminution credits generally does not rise to this level.  *See Willeford v. Estelle*, 538 F.2d 1194, 1197 (5th Cir. 1976).  If a "claim . . . rests solely upon an interpretation of [state] case law and statutes, it is simply not cognizable on federal habeas review."  *Wright v. Angelone*, 151 F. 3d 151, 157 (4th Cir. 1998); *see also Smith v. Moore*, 137 F.3d 808, 822 (4th Cir. 1998) (refusing to entertain claim that jury instruction misstated South Carolina law).

Assuming Gerald has presented a federal question here, his petition becomes subject to the exhaustion requirement of 28 U.S.C. § 2254(b), which applies to petitions filed pursuant to 28 U.S.C. §2241.  *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long

---

[5] *See* Md. Code Ann., Corr. Servs. ("CS") § 3-701(2)(iii) (defining "term of confinement" as "[t]he period from the first day of the sentence that begins first through the last day of the sentence that ends last" for "consecutive sentences").

recognized that in some circumstances considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before seeking federal habeas corpus relief, Gerald must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U. S. 509, 521 (1982). Each claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). Exhaustion includes appellate review in the Maryland Court of Special Appeals and where appropriate the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). Exhaustion affords the state courts the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).

Gerald may challenge the calculation of his term of confinement by pursuing both administrative and judicial remedies. He may file a grievance with the Inmate Grievance Office ("IGO"). *See generally Adamson v. Correctional Medical Services, Inc.,* 753 A.2d 501 (2000); CS § 10-206(a). If the grievance is not found wholly lacking in merit on its face, it is referred to the Office of Administrative Hearings ("OAH") for a hearing before an administrative law judge. *Id*. at § 10-207(c). An order of the OAH finding that a prisoner's complaint is lacking in merit constitutes the final decision of the Secretary of Public Safety and Correctional Services ("Secretary") for purposes of judicial review. *Id.* at § 10-209(b). If the OAH finds that the grievance is meritorious, an order is forwarded to the Secretary. The Secretary may affirm, reverse, or modify the order of the OAH. *Id.* at § 10-209(c).

An appeal of the Secretary's decision lies with the "circuit court of the county in which the complainant is confined." *Id.* at § 10-210(b)(2). Jones may thereafter seek review in the Maryland Court of Special Appeals by application for leave to appeal, CS § 10-210(c)(2), and, if the Maryland Court of Special Appeals grants the application for leave to appeal but denies relief on the merits, he may then seek review in the Maryland Court of Appeals by petition for writ of *certiorari. See Williams v. State*, 438 A.2d 1301 (1981); Md. Code Ann., Cts. & Jud. Proc. § 12-202.

Gerald has another avenue of state review at a later juncture: a prisoner who "alleges entitlement to immediate release and makes a colorable claim that he or she has served the entire sentence less any mandatory [diminution] credits" may seek relief directly from Maryland courts by petition for a writ of habeas corpus. *See Maryland House of Correction v. Fields*, 703 A.2d 167, 175 (1997). The prisoner may appeal a circuit court's decision denying habeas corpus relief to the Maryland Court of Special Appeals, and may thereafter seek *certiorari* in the Maryland Court of Appeals. *See generally Stouffer v. Pearson*, 887 A.2d 623 (2005); *Stouffer v. Staton*, 833 A.2d 33 (2003); *Jones v. Filbert*, 843 A.2d 908 (2004).

Gerald does not contend that he has completed any resolution of his claim concerning the amended commitment issued on June 19, 2013, in case no. 199224055 using the above-described processes.  Were he to prevail in any of the above proceedings, the need for this Court's involvement is obviated.  This court may not entertain the issues presented in the petition while the Maryland courts have not had the opportunity to fully review the claims raised.

Gerald has no absolute entitlement to appeal a district court's denial of his habeas corpus request.  *See* 28 U.S.C. § 2253(c) (1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at

§2253(c) (2).  When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).  Gerald has failed to demonstrate entitlement to a COA in the instant case.

Accordingly, based upon the foregoing reasons, the habeas corpus relief requested shall be denied without prejudice and dismissed as unexhausted.  A certificate of appealability shall not issue and the Clerk shall be directed to close this case.


<u>September 29, 2014</u>                                    <u>            /s/            </u>
Date                                                                Catherine C. Blake
                                                                    United States District Judge

7